945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leith Michael KALLABAT, Petitioner-Appellant,
v.
RECORDER'S COURT JUDGE, Respondent-Appellee.
 No. 91-1611.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Leith Michael Kallabat appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in Detroit, Michigan in 1980, Kallabat was convicted of two counts of felonious assault and one count of possession of a firearm during the commission of a felony. He was sentenced to one to three years on the two counts of felonious assault to be followed by a mandatory two-year term on the felony firearm count.
 
 
 3
 The Michigan Court of Appeals affirmed his conviction. Upon appeal, the Michigan Supreme Court remanded the case for consideration of the jury instructions regarding the burden of proof and self-defense. The Michigan Court of Appeals once again affirmed his conviction. The Michigan Supreme Court denied leave to appeal and denied a motion for reconsideration.
 
 
 4
 Kallabat filed his first petition for a writ of habeas corpus in 1985 which was denied. He subsequently filed a delayed motion for a new trial which was granted by the Michigan Recorder's Court. The prosecution filed a complaint for superintending control to reverse the judgment granting Kallabat a new trial which was granted by the Michigan Court of Appeals. Leave to appeal was denied by the Michigan Supreme Court.
 
 
 5
 Kallabat then filed his current habeas corpus petition in the district court alleging that he was denied a fair trial and that his due process rights were violated because the trial court failed to instruct the jury that the prosecution had the burden of proving that he was not acting in self-defense. The magistrate judge recommended that the petition be dismissed. After de novo review in light of Kallabat's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 6
 Upon consideration, we affirm the judgment of the district court because petitioner was not deprived of a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Petitioner's claim, that the trial court's instructions to the jury were inadequate, does not rise to the level of a constitutional deprivation because he has not shown that the instructions given, taken as a whole, were so infirm that they rendered the trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Furthermore, a state trial court is not required by the Constitution to instruct the jury explicitly that the government has the burden of disproving self-defense by proof beyond a reasonable doubt. Thomas v. Arn, 704 F.2d 865, 872 (6th Cir.1983).
 
 
 8
 The trial judge instructed the jury that the prosecution had the burden of proving guilt throughout the trial; it did not shift the burden of proving self-defense to the defendant. The trial court judge read the felonious assault statute and thereafter instructed the jury as to the duty to retreat and the use of deadly force in self-defense. The instructions were not erroneous and Kallabat was not denied a fundamentally fair trial.
 
 
 9
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.